STATE OF MISSOURI, TO THE USE OF TABITHA GARNER, Respondent, *v.* HENRY W. MERTZ, ADMINISTRATOR, ET AL., Appellants.

### May 29, 1883.

1. HUSBAND AND WIFE — ACTIONS — PARTIES. — In an action, on a constable's bond, for an illegal levy upon the earnings of a wife and minor children whose husband and father had abandoned them, the husband is not a necessary party as a relator of the plaintiff.

2. —— ABANDONMENT. — In such a proceeding it is immaterial that a judicial finding of abandonment and a decree for maintenance, under the statute, has not been had.

3. —— EVIDENCE. — Evidence of what the husband said at the time of leaving, as to his reason for leaving his family, is competent to show abandonment.

APPEAL from the St. Louis County Circuit Court, EDWARDS, J.

*Affirmed.*

ZACH J. MITCHELL, for the appellants.

G. PITMAN SMITH and JOHN W. McELHINNEY, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This is an action upon the official bond of Henry W. Mertz, since deceased, as constable. The breach of the

condition of the bond, which the petition alleges, is that the constable, having an execution in favor of one Wilson against E. N. Garner and James T. Garner, but not against the relator, levied the same upon certain corn in the field, partly harvested, belonging to the relator, and sold the same thereunder. The plaintiff is the wife of the said E. N. Garner, and the mother of James T. Garner, the latter being of age. She brings this action in her sole name, without the joinder of her husband. The grounds on which she claims the right to sue in her own name are, that her husband, long prior to the levying of the execution upon the corn, had abandoned her without good cause, and wholly neglected and refused to provide for her; that the crop was the proceeds of her own earnings, and of the earnings of her minor children; and that, under section 3286 of the Revised Statutes, it was consequently under her sole control, and not liable in any manner for his debts.

There was a demurrer to the petition for want of proper parties plaintiff, setting up that Mrs. Garner could not maintain the suit without the joinder of her husband. The record does not show the disposition of the demurrer, but it does show that leave was given the plaintiff to file an amended petition, making E. N. Garner, her husband, a party defendant. It does not show, however, that any amended petition was filed; and, as the action is an action at law upon a constable's bond, it is not perceived how E. N. Garner could properly have been made a defendant, since no judgment could have been rendered against him, and no relief had against him. For this reason we infer that the learned counsel for the relator declined to avail themselves of the order of the court making him a defendant. No objections were made or exceptions saved to any action of the court, or want of action, touching the matter of parties. The grounds on which a new trial was asked do not touch this question, nor do the grounds on which the defendants moved in arrest of judgment; though one of

the grounds is, that the petition does not state facts sufficient to constitute a cause of action against the defendants.

In this state of the record we apprehend that no question arises touching the capacity of the wife to sue without the joinder of her husband, unless the matter be one which could be reached by writ of error. The general rule is that the failure to make proper parties is an irregularity which must be taken advantage of before the issues are made up and before the case goes to trial, and that if this is not done, the irregularity is waived. Our practice act provides that, " when a married woman is a party, her husband must be joined with her in all actions, except those in which the husband is the sole plaintiff and the wife the sole defendant, or the wife a plaintiff and the husband a defendant." Rev. Stats., sect. 3468. The statute under which the relator claims the right to maintain this suit in her own name reads as follows : " Such married women [that is a married woman who has been abandoned by her husband without good cause] during the period her husband shall fail to provide for her support, as stated in section 3283, shall be entitled to the proceeds of her own earnings, and also to the proceeds of the earnings of her minor children ; and the same shall be under her sole control, and shall not be liable in any manner for his debts." Rev. Stats., sect. 3286. We are of opinion that, where two statutes in the same body of laws conflict with each other, and one of them is a statute creating a right, and the other a statute which merely regulates a remedy, the statute regulating the remedy must give way to the statute creating the right. Rights must not yield to mere rules of procedure, but rules of procedure must, when necessary, be altered so as to afford the means of vindicating rights. If we were to require the husband to be joined with the wife in this case, not only the purpose of section 3286 would be subverted, but its express terms would be disregarded. For how can pro-

perty be said to be under the *sole* control of a married woman, if, suing in respect of it, she is obliged to join her husband as plaintiff, and thus give him control of the action? The provisions embodied in section 3468 proceed upon the idea the of unity of husband and wife. That is the reason of the rule. But where that unity has been destroyed by the wrongful act of the husband, the reason of the rule ceases ; and, in order to give effect to the rights which the legislature has accorded to the wife in such an unhappy situation by the provision of section 3286, the rule itself must cease. Without reference to the question whether the case is properly presented by the record, we, therefore, hold that the action in the present case was well brought by Mrs. Garner without the joinder of her husband.

It is urged, however, that section 3286 of the Revised Statutes is so far controlled by the provisions of section 3283 as to mean, that before a married woman shall be entitled to the proceeds of her earnings and the earnings of her minor children, it must be adjudged, on her petition to the circuit court, as provided in section 3283, that her husband has abandoned her without good cause, etc. We do not think so. Such a construction would go very far to defeat the beneficial provision of section 3286 ; and, besides, the statute does not say so, and the language used does not fairly conduct the mind to such an inference. Section 3286 merely refers back to section 3283 for a description of the circumstances of abandonment and neglect which will entitle a married woman to the proceeds of her own earnings and those of her minor children. It does not say that, in order to be entitled to such proceeds, she must first have procured an order for support and maintenance against her husband under the provisions of section 3283.

The court, against the objection of the appellant, admitted evidence of what E. N. Garner said at the time when he left his wife touching his reasons for his leaving and his intentions in the premises. Counsel for the appellant is entirely mis-

taken in supposing that this was hearsay evidence. It was material to prove that he had left the relator without good cause, as stated in the petition and as recited in the statute under which the action was brought. Rev. Stats., sects. 3283, 3286. His declarations made at the time when he abandoned her, were just as competent upon this point as was the fact that he abandoned her at the date named. Expressions and declarations *dum fervet opus* are not hearsay, but are regarded in law as verbal acts, part of the *res gestœ*, and competent evidence.

Finally, it is urged that, upon the evidence the property levied upon was not the property of the relator; that the lease of the ground on which the corn had been raised was a sham and a fraud, instigated by her son, James T. Garner, codefendant with her husband, in the judgment under which it was levied on by the constable, for the purpose of defeating this very judgment which was about to be recovered. A good answer to this is, that no such question was made by the defendant's answer nor by any testimony in the case, nor was such a question submitted to the jury, nor did the defendants ask to have such a question submitted to them. If such a question had been submitted to the jury upon the evidence in the record, their verdict would have been conclusive upon it. We have looked over the record carefully, and are of opinion that the verdict is supported by the evidence, and that it has reached the justice of the case. It would be a reproach to the law if this poor old woman, having been abandoned by a drunken husband, and having thereafter made a crop upon rented land, chiefly through the aid of her minor children, could have it wholly swept away from her under an execution against her husband and her adult son.

The judgment is affirmed. All the judges concur.