JANE HARRIS, Respondent, v. L. C. BOHLE, Appellant.

St. Louis Court of Appeals, November 24, 1885.

1. HUSBAND AND WIFE—ABANDONMENT.—The abandonment of a wife which will authorize her to sue for her earnings, and those of her minor children, need not be voluntary.

2. —— WIFE MAY SUE, WHEN.—On the absence from home, and neglect of a husband to support his wife, without good cause, for such a length of time as will justify the presumption of abandonment, the right of the wife to sue for her earnings accrues, and continues during his absence.

3. ——. The insanity and confinement of a husband in an asylum, and his failure, for years, on this account, to support his wife, gives her the right to bring such an action in her own name.

APPEAL from the St. Louis Circuit Court, GEORGE W. LUBKE, Judge.

*Affirmed.*

DAVIS & DAVIS, for the appellant: The plaintiff can not maintain this action in her own name. Rev. Stat., § 3468; *Hayes v. Miller,* 81 Mo. 424; *Plummer v. Frost,* 81 Mo. 425.

C. E. GIBSON and S. F. ANDREWS, for the respondent: The action is properly brought in the plaintiff's name. Rev. Stat., §§ 3283, 3286; *The State v. Mertz,* 14 Mo. App. 58.

ROMBAUER, J., delivered the opinion of the court.

The only point arising on this record is whether the plaintiff has legal capacity to sue, and recover in her own name, for the wages of her minor son.

The father of the minor, the plaintiff's husband, was six years ago confined in a public insane asylum, where he still is. He has not since the date of his confinement contributed anything towards the support of

his wife, the control and care of the family devolving exclusively on the plaintiff.

The evidence concedes that the abandonment was not voluntary, and that up to the date of the confinement the husband supported his family. It does not appear whether any guardian had ever been appointed for the insane husband.

Upon these facts appearing, the trial court decided in favor of the right of the plaintiff wife to maintain the suit, and this ruling is the only substantial error complained of.

Our statute provides, in substance, that when the husband, without good cause, shall abandon his wife, and refuse or neglect to maintain and provide for her, such married woman, during the period her husband shall fail to provide for her support, shall be entitled to the proceeds of her own earnings, and also to the proceeds of the earnings of her minor children. Rev. Stat., sects. 3283, 3286.

We decided in *State v. Mertz* (14 Mo. App. 58), that an adjudication of abandonment by the circuit court, under the provisions of section 3283, is not a pre-requisite condition to enable the wife to maintain her rights under the provisions of section 3286.

The main object of the statute provisions is to protect the wife and children. A neglect to maintain and provide for the wife will satisfy the statute as well as a refusal. The good cause mentioned in the statute must, therefore, be one that justifies the wife's abandonment by the husband. It was not the intention of the law-givers to compel a husband to support a wife faithless to her marital obligations ; hence, the qualification ; beyond that, however, it is immaterial whether the abandonment is voluntary or not.

If the husband leaves his home, and fails and neglects to support his wife for a period of time, from which abandonment is presumable, whatever the cause may be, short of a good cause given by the wife, the right of the wife to her own earnings and those of her minor children

accrues and continues during the period of the abandonment.

In view of the mischief sought to be remedied, we believe that the statute ought to be thus construed. It is a construction which is in harmony with its spirit and the plain dictates of humanity.

It results that the judgment of the trial court must be affirmed. It is so ordered. All the judges concur.